KANINSKY v. PURCELL & GILFEATHER, Inc.

(Supreme Court, Appellate Term, First Department.   March 30, 1916.)

1. EXPLOSIVES ⬤⟳12—BLASTING—NEGLIGENCE.

While there is no liability for consequential injuries caused by concussion from blasting without proof of negligence, yet negligence may be established by proof that the results of a blast, taken in connection with the surrounding circumstances, could not have occurred unless the blasting was negligently done.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. ⬤⟳12.]

2. DAMAGES ⬤⟳188(2)—ACTIONS—EVIDENCE—SUFFICIENCY.

Proof of the cost price of articles injured, particularly in the case of clothes, where they had been in the possession of plaintiff for over a year, does not establish their value at the time of the injury, and a judgment awarding nearly the cost price, which was the only evidence of value, is not only excessive, but purely conjectural.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. ⬤⟳188(2).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Gustav Kaninsky against Purcell & Gilfeather, Incorporated.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Arnstein & Levy, of New York City (Samuel Levy and Reuben Rodecker, both of New York City, of counsel), for appellant.

Simpson & Simpson, of New York City (Robert M. Simpson, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered damages for injuries to personal property which he claims were caused by negligent blasting by the defendant.   The evidence of negligence is very vague.   There is absolutely no testimony which shows the manner in which the blast was set off other than the testimony that the report was very loud and the concussion very great, and that rocks were cast from the blast upon the premises occupied by the plaintiff.   Inasmuch, however, as the action was not for injuries caused by the falling of these rocks, but only for injuries caused by the concussion, the testimony of the physical precipitation of the rocks upon the plaintiff's premises is material only in so far as it may tend to show that the blast was excessive.

[1] It is well established in this state that there is no liability for consequential injuries caused by a concussion, without proof of negligence, and the mere fact that a blasting causes injury upon adjacent premises gives rise to no presumption that the blasting was negligently performed.   In all the cases cited upon the briefs, or which I can now remember, a recovery has been permitted to stand only where the plaintiff has shown the manner in which the blast was actually set off,

coupled with further proof that the method used was negligent. Nevertheless it seems quite certain to me that, where the testimony of the results and surrounding circumstances of a blast is so strong that, under ordinary circumstances, such a result could not have occurred unless the blasting was negligently performed, a prima facie case of negligence is made out. Such testimony, however, must undoubtedly clearly show facts which will legitimately lead to this inference, and the rule that the injured party must affirmatively show negligence cannot be disregarded.

Even if we assume that in the present case the facts are sufficient to reasonably allow the inference of negligence, yet the defendant produced affirmative evidence to show the method it actually used and that this method was not negligent. That testimony, if true, would completely rebut any inference that might be drawn from the plaintiff's case. The plaintiff stated that he could prove the amount of the charge used, but he did not do so. If he has such testimony, he should have produced it. While possibly the trial justice may have arrived at the conclusion that the testimony of the defendant's witnesses was improbable and unworthy of credence, yet even then the decision in favor of the plaintiff rests upon a very slight foundation. We need not, however, now determine whether on that account we should reverse the judgment and order a new trial, where the plaintiff could present all the evidence he may have, to establish in a more satisfactory manner the defendant's alleged negligence, because in any event the record discloses no sufficient basis for the award of damages.

[2] The plaintiff claimed damages of $200 in his complaint. In his bill of particulars he itemized the damages at $210.50. He gave no testimony as to the value of the articles destroyed, except their cost price. It appears clearly that he has no personal knowledge of the cost price of articles aggregating $42.50, and also it does not appear that these articles belonged to him. The other articles, according to his testimony, cost the sum of $163.50. While it is true that cost price constitutes some evidence of value, yet that evidence would tend only to establish the value at the time of purchase. In this case every article had been in use over a year, and there is no evidence which shows the condition at the time of the trial. Of the entire amount of $163.50, the plaintiff claims that $136 represents the cost price of clothing which he had worn for a year or a year and a half. Obviously we cannot assume, in the absence of evidence as to the condition of the clothing, that the cost price bore any real relation to its value at the time of the injury. The judgment for $135 damages would appear, not only excessive, but purely conjectural.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.