## Adams & Sullivan v. Sengel.

(Decided November 2, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Damages—Injury to Property by Persons Under Contract With Municipal Corporation.—Persons under contract with municipal

corporations to perform works, although they may be such works as the corporations may perform, in the exercise of their governmental functions, are responsible, in damages, for the destruction or injury of the private property of citizens.

2. Damages—Measure of Damages—Blasting.—The measure of damages for injury to a house, caused by blasting operations, is a sum sufficient to restore the building to substantially the same condition in which it was prior to the injury, and such further sum as will reasonably compensate the owner for the diminution in the value of the use of the property during the continuance of the injuries, if it· is used or occupied by the owner; or if let to rent, the diminution in the rental value of the property during the continuance of the injuries.

3. Damages—Measure of Damages.—The measure of damages for injuries to personal property is, if it is destroyed, its market value at the place of destruction; if injured, the difference between its market value, at the place, immediately before the injury, and its market value immediately after the injury.

4. Explosives—Injuries From Blasting.—Where blasting operations result in a direct trespass upon premises, by casting stones, dirt or other debris upon them, the liability is absolute, and there is no question of negligence involved.

DALLAM, FARNSLEY & MEANS for appellants.

KOHN, BINGHAM, SLOSS & SPINDLE for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

In August, 1914, the appellants, John H. Cahill, C. W. Adams, and John L. Sullivan, partners, doing business under the firm name of Adams & Sullivan, under a contract with the city of Louisville, for that purpose, undertook to open out and widen the bed of Bear Grass creek, at a point, within the corporate limits of the city, and where a lot owned by the appellee, Philip Sengel, adjoined the creek. There were situated upon appellee's lot, in close proximity to the creek, several buildings, two of which appellee was wont to let to rent, and, another, in which he kept an office, and another was a cooper shop newly built, in which was machinery used in the business of a cooper, and, also, upon the lot was a considerable quantity of staves to be manufactured into barrels. The appellants, in their operations, did a large amount of blasting, in order to remove the rocks and possibly other obstructions from the stream, and, in so doing, continued the blasting, at intervals, from time to time, for several months. The appellee claims that the blasting was extremely heavy and cast showers of stones,

some of considerable weight, and dirt and other debris upon the ground and buildings and staves. The stones, falling upon the roofs of the buildings, perforated the roof in many places, and falling upon his staves, split and otherwise injured them, while the concussion, from the force of the blasting, blew in his windows, split the wall of one building, and shook the plaster from the walls and ceiling, thereby tearing the paper from the walls and rooms of the houses and freightened away his tenants, and caused his dwelling houses to be unoccupied for several months. The damages necessitated the repairing of the roofs and buildings, generally, and required the services of tinners, carpenters, plasterers and glaziers. These matters the appellee complained of in a petition, which he filed on the 22nd day of April, 1915, and in an amended petition, which he thereafter filed, setting up and seeking damages, which he had suffered after the filing of the original petition. In all, he claimed damages in the sum of twenty-five hundred dollars. The appellants denied all the allegations of the petition and amended petition and, as a further defense, in a second paragraph of the answer, alleged that while engaged in the opening, widening and adjusting the creek and its banks, they were engaged, as agents of the city, in performing and carrying out a function of government, and hence, are not liable to appellee for any of the alleged damages. The court sustained a general demurrer to the second paragraph of the answer. When a trial was had of the action, the verdict of the jury fixed the appellee's damages at the sum of fifteen hundred dollars, and a judgment was rendered by the court in accordance with the verdict.

The appellant's motion for a new trial being overruled, they have appealed to this court, and insist as errors of the trial court, which were to their substantial prejudice, the giving of the instructions 1, 2, 3, 4, 5, 6, and 7, by the court to the jury, and the sustaining of the demurrer to the second paragraph of the answer, to all of which they objected and saved exceptions.

(a). Touching the action of the court in sustaining the demurrer to the second paragraph of the answer, but little doubt can be entertained of the correctness of the judgment of the court. The cities and other municipalities may construct sewers and other similar improvements, and do so, as an exercise of their governmental functions, but it would scarcely require any citation of

authority to establish, that the city itself would not have authority, in the construction of a street, sewer or other improvement, to destroy or injure the property of its citizens, without making just compensation, and one, with whom the city contracts to do a public work, is certainly not immune from damages for injuring or destroying private property, in the prosecution of the work, as he could enjoy no more favored position that the city. Section 242, of the constitution, provides, that municipal corporations, which have the right to take private property for public use, may not do so, unless they make compensation for the property taken, injured or destroyed, and the compensation shall be made or secured before the property is injured or destroyed. Pickrell v. City of Louisville, 125 Ky. 213; City v. Jephson, 21 R. 1028; City of Henderson v. McClain, 19 R. 1450; City v. Detweller, 20 R. 894; Ewing v. City, 140 Ky. 726; Hay v. City, 114 Ky. 665; City v. Sauter, 129 Ky. 721; City of Paducah v. Allen, 111 Ky. 631; Clayton v. City of Henderson, 103 Ky. 288; Madisonville v. Hademan, 29 R. 253; City of Louisville v. Heheman, 161 Ky. 523; Board of Park Commissioners v. Prinz, 127 Ky. 460; O'Gara v. City of Dayton, 175 Ky. 395.

The appellee, by the amended petition, specifically alleged the damages, which he had incurred, claiming separate amounts for the damages suffered by reason of the injuries from the blasting to his cooper shop and factory; the damages from the blasting and subsequent injuries to the cottage, which he held for renting; to the building used as an office and the shed thereto, and the damages for the injuries to his lumber and staves. The damages claimed in the particular amounts set out in the amended petition were those, which had been sustained at the time of the filing of the petition. The amended petition, also, claimed damages, which had been suffered after the filing of the petition, in the same way and for the same character of injuries, as alleged in the petition, but the damages to the various pieces of property were not separated, but alleged to be of the gross sum of five hundred dollars.

The first instruction, submitted to the jury the question, whether the injury done to the factory and cooper shop was permanent or temporary, in character.

The second instruction directed the jury, that, if the damages to the factory and cooper shop were permanent, in character, to find for the plaintiff such a sum as would

reasonably represent the difference between the fair market value of the factory and cooper shop immediately before the injury was done by the blasting and its fair market value immediately after the injury, not exceeding four hundred and fifty-two dollars and sixty cents, and such a sum as would fairly and reasonably compensate the appellee for the reasonable cost of putting the roofs of the factory and cooper shop in substantially the same condition as they were before the injury, not exceeding on that account the sum of two hundred and ninety-seven dollars and forty-five cents.

The third instruction directed the jury, that if it believed that the injuries to the factory and cooper shop were temporary, to find for appellee such a sum as would reasonably compensate him for the diminution in the value of the use of the factory and cooper shop, caused directly by the blasting, during the period which was reasonably necessary for making the repairs, not exceeding four hundred and sixty-two dollars and fifty cents, and such sum as would fairly compensate him for the cost of putting the roofs of these buildings in substantially the same condition, they were in, before the injury, not exceeding two hundred and ninety-seven dollars and forty-five cents.

The two hundred and ninety-seven dollars and forty-five cents mentioned, in the instructions, was the amount, which appellee claimed, that he had expended in repairs upon the factory and cooper shop, because of the injuries resulting from the blasting up to the filing of the petition, and the four hundred and sixty-two dollars and fifty cents was, what he claimed, was the difference, between the value of the roof immediately before the blasting and its value after the repairs to it had been made by him. The fault in these three instructions, is the error, in submitting to the jury any question of a permanent injury to the buildings, and it is not in accordance with the measure of damages adopted, in this state, for injuries to buildings arising from blasting operations. There is not such a permanent injury to the buildings as could not be repaired. The measure of damages to a house, caused by blasting operations, is a sum sufficient to restore the property to substantially the condition it was in, prior to the injury, and such a further sum as will compensate the owner for the diminution in the value of the use of the property during the continuance of the injury, if it is used or occupied by the owner, or if let to

rent, the diminution in the rental value of the property during the continuance of the injuries. L. & E. Ry. Co. v. Baker, 156 Ky. 431; Southern Ry. Co. v. A. M. E. Church Trustees, etc., 121 S. W. 972; Pickerill v. City of Louisville, 125 Ky. 229; Wallingford v. Maysville & Big Sandy Ry. Co., 107 S. W. 781, 32 R. 1049; City of Madisonville v. Hademan, 92 S. W. 930; Hutchison v. City of Maysville, 30 R. 1173; L. & N. R. R. Co. v. Carter, 25 R. 759; Bannon v. Rohmeiser, 17 R. 1379. The damages claimed on account of the factory and cooper shop, however, should not exceed seven hundred and fifty-nine dollars and ninety-five cents, the amount claimed in the petition, up to the filing of the original petition.

In place of instruction number 4, which directed the jury to find for the appellee such a sum as would fairly and reasonably compensate him for the reasonable cost of repairing the damages, as resulted directly from the blasting, to the office building and shed, not exceeding seven hundred and ninety dollars and twenty-five cents, the instruction should have fixed the measure of damages for the injuries to that building and shed, as is directed with reference to the damages to the factory and cooper shop. The instruction as given does not include any damages on account of the diminution, in the value, in the use of the building, and the appellee was entitled, in addition thereto, such a sum as would be reasonably necessary to restore the building to the condition, it was in, immediately before the injury.

Instruction number 5, with reference to the damages claimed on account of the injuries to the cottages on Lampton street, is not subject to criticism and fairly states the measure of damages to which the appellee was entitled.

Instruction number 6, which directed the jury to award the appellee such a sum, in damages, as would fairly and reasonably compensate him for any damages to his lumber and staves, resulting directly from the blasting, not exceeding the sum of one hundred and fifteen dollars, has the fault of not setting out and directing the jury as to the measure of damages to which appellee was entitled. The measure of damages to such personal property, as lumber and staves, is the difference between the fair market value of the staves immediately before the injury and their market value immediately thereafter, at the place of the injury. Southern Ry. Co.

v. Ky. Grocery Co., 166 Ky. 94; Weil v. Hagan, 161 Ky. 292; C., N. O. & T. P. Ry. Co. v. Sweeney, 166 Ky. 360; City of Paris v. Baldwin, 169 Ky. 802.

Instruction number 7, which directed the jury to allow the damages sustained by the appellee by reason of the blasting, after the filing of the original petition, on April 22, 1915, does not give the jury any measure of damages to control it in arriving at a verdict, but left it, to fix the measure of damages upon any rule, which might occur to it, as furnishing the appellee fair and just compensation. The instruction should have directed a measure of damages, as applied to the different species of property, as heretofore indicated in this opinion.

Instruction number 8 was given by agreement of the parties, and no objection can be heard to it here.

The contention of appellants, that, the question of negligence on their part, ought to have been submitted to the jury, is not tenable. The blasting, in the instant case, resulted in a direct trespass upon appellee's premises, and where such results in such direct trespass, by the casting of rocks or soil or other debris upon one's premises, the liability then becomes absolute, and no question of negligence or want of skill is involved. Langhorn v. Turman, 141 Ky. 809; L. & E. Ry. Co. v. Baker, 156 Ky. 431.

For the reasons above stated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.