## Louisville & Nashville Railroad Company v. Deering.

(Decided May 18, 1920.)

### Appeal from Madison Circuit Court.

1. Pleading—Statement of Cause of Action.—A petition which alleges that the plaintiff was injured through the negligence of the defendant in the erection of a scaffold using defective material and otherwise erecting the scaffold in an insufficient and defective manner, and which further avers that the defendant knew of the defective condition, or could have known thereof by the exercise of ordinary care before the injury, but the plaintiff did not know thereof and had no opportunity to do so, states a cause of action.

2. Master and Servant—Safe Place to Work.—The employer is required to use ordinary care to provide the servant with a reasonably safe place in which to perform his work, and a carpenter who is directed by the foreman to go on a scaffold to perform service, is not required to inspect the platform to ascertain whether it is reasonably safe before beginning his work, but may rely upon the master and assume that he has performed his duty to make the scaffold reasonably safe and that the scaffold is reasonably safe, unless its dangerous condition, if it is dangerous, is so open and obvious that a reasonably prudent man would not go thereon.

3. Master and Servant—Lost Time—Damages.—Where the plaintiff does not aver nor prove loss of time resulting from the injury, no instruction should be given by the court allowing the jury to award compensation for lost time, and to do so is reversible error. Loss of time is special damages and must be specially pleaded before recovery can be had.

4. Master and Servant—Instructions—Double Damages.—An instruction which allows the jury to award damages for permanent injury from the time of the accident, and also for lost time, is objectionable because it authorizes double damages for the same item.

BENJAMIN D. WARFIELD and A. R. BURNAM, JR., for appellant.

EDWARDS, OGDEN & PEAK and JOHN NOLAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

William Deering, a carpenter, employed by the Louisville & Nashville Railroad Company as a member of a crew of eight or ten workmen to construct a depot at Malony, fell through the scaffold, erected in aid of the work, and sustained a fracture of the bones of the spinal column which caused paralysis of the lower part of his body and legs, rendering him a hopeless cripple. He brought this action in the Madison circuit court alleging that the railroad company negligently and carelessly constructed the scaffold, and that same was dangerous and unsafe, and that this dangerous and unsafe condition was known to the defendant company, or could have been known to it by the exercise of ordinary care, but was unknown to him because he did not assist in erecting it, but was engaged at work on the other side of the building and did not have an opportunity to inspect the scaffold before going on it; that the scaffold was erected under the direction of defendant's foreman, superior in authority to plaintiff; that the plank constituting the floor or place on which workmen were to stand, was insecurely and unsafely fastened and was made of insecure, unsafe and defective material, all of which contributed to the dangerous and unsafe condition of the scaffold. He prayed damages in the sum of $25,000.00, and on a trial was awarded $12,000.00 by the jury. From a judgment for this amount, the company appeals, urging four grounds for reversal:

(1) The court should have peremptorily instructed the jury to find for appellant both on the evidence and pleadings.

(2) The court erred in excluding competent evidence offered by appellant.

(3) The court erred in instructing the jury and in refusing to give the instructions asked by appellant.

(4) The instruction as to the measure of damages is erroneous in authorizing a recovery for loss of time when there was no averment thereof in the petition and no evidence of time lost; and is also erroneous in not limiting appellee's right to recover damages for permanent impairment of his power to earn money to begin where loss of time ended.

We will consider these four grounds of appellant for reversal in the order named:

(1)   Appellant was working under the direction of one J. W. Meyers, foreman for appellant.  As there were several men in the gang they worked in pairs.  On the morning of the day of the injury, Deering and his buddie were working on the opposite side of the building from that on which the injury happened in the afternoon.  As soon as they finished their task on that side of the building they were directed by the foreman Meyers to go around on the other side of the building, mount the scaffold in question and put up some wainscoting near the cornice or rafters, saying to them "everything is ready, go put up the wainscoting," and in substance that the scaffold was ready and in good condition.  Without examining the scaffold both Deering and his buddie climbed upon it, but finding that there were no nail ties between the uprights on which to nail the wainscoting and that it would be necessary to have nail ties in order to do the work which the foreman had directed, Deering went down to obtain some suitable timbers for nail ties and carried them upon the scaffold.  Part of these were taken by his buddie and the balance he retained for himself. Standing on the scaffold he took the measure of the nail ties and was in the act of sawing the timber so as to fit between the uprights when suddenly and without warning to him the plank on which he was standing gave way and he fell through the platform, striking on his back or hips in such way as to inflict the injuries above mentioned.  He says he cannot tell whether the scaffold broke, the plank on which he stood slipped or broke, or just what caused him to fall except that the board on which he was standing came down with him and after he fell he noticed that the board was standing one end on the ground and the other on the brace of the platform.  It appears that the boards which formed the floor of the platform were not nailed or otherwise secured.

It was the duty of the railroad company through its foreman Meyers to so erect the scaffold as to make it reasonably safe for Deering and his buddie to stand on while performing their work; and if appellant failed in this duty and its failure resulted directly in the injury of appellee Deering, it is liable in damages.  We have several times held in cases similar to this one that it is the duty of the employer to use ordinary care to furnish the servant a reasonably safe place in which to perform the work required of him, and the servant has the right

to assume that the master has performed this duty, and is not required to make an inspection of the platform to ascertain whether it is reasonably safe, before beginning his work. This is especially true where the servant has no part in the erection of the scaffold but it was erected by the master and other servants under the master's direction for the use for which the servant at the time of the injury was attempting to employ it. In this case Deering was not required to make an inspection of the scaffold before going on it to begin his work, but when the foreman Meyers told him that the scaffold was ready and for him to go on it and to put up the wainscoting, he had the right to assume, in the absence of any special knowledge on his part to the contrary, that the scaffold was reasonably safe for the purpose for which the foreman had directed him to use it. Interstate Coal Co. v. Shelton, 160 Ky. 40; Ingram v. Railway Co., 99 S. W. 666, 30 R. 713; Louisville & E. R. R. Co. v. Poulter's Admr., 119 Ky. 558; Pfeister v. J. H. Peters & Co., 117 Ky. 502; Peter & Melcher S. S. Works v. Green, 76 S. W. 844; L. & N. R. R. Co. v. Carter, 112 S. W. 904; Covington Bridge Co. v. Lilliard, 96 Ky. 538.

We are of opinion that the petition stated a valid cause of action and that the evidence for the plaintiff was sufficient to entitle him to have his cause submitted to the jury, and it was not error on the part of the trial court to overrule appellant's motion for a directed verdict in its favor.

(2) Appellant next complains that the witness Steele, an experienced carpenter and builder, was not allowed to answer whether the scaffold from which Deering fell was at the time it was completed by him and others "a safe scaffold;" and the further question "Whether or not there was anything in the construction of that scaffold that rendered it unsafe?" As the witness was a practical builder and had erected many scaffolds similar to the one in question, it appears to us that he should have been allowed to describe the scaffold and to tell whether it was reasonably safe for the purpose for which it was built; and as this case must be reversed for other reasons, on another trial the witness, after qualifying, should be allowed to state just how the scaffold was erected, its supports and especially the floor on which the workmen were standing, and to say whether or not the scaffold was erected in the usual and cus-

tomary manner and was reasonably safe for the purpose for which it was intended.

(3-4)   The instructions given by the court to the jury fairly present the law of the case with the exception of the one fixing the measure of damages recoverable. The petition of the plaintiff does not allege loss of time or seek to recover on this ground, and the court should not have instructed the jury to find anything for him on account of time lost, if any, for this is special damages which must be specially pleaded before a recovery can be had; and too, if the jury allow damages for permanent injury and also for loss of time, the verdict awards double damages for the same item, which is not allowable.

No complaint is made of the excessiveness of the verdict, nor could just complaint thereof be made if the trial was otherwise free from error. Appellant sustained and is now suffering from a terrible injury with no hope of ever regaining his physical vigor and usefulness. He is a complete physical wreck, unable to help himself or to support his family, and constantly suffering excruciating pain.

Judgment reversed for a new trial consistent with this opinion.