## Ben Gorham & Company v. Carter.

(Decided February 26, 1929)

R. W. KEENON and C. E. RANKIN for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Van B. Carter recovered a judgment for $250 against Ben Gorham & Co., and the latter has entered a motion for an appeal. The petition sought to recover $500 for damage to the roof of a garage building and for loss of time of plaintiff and his employes caused by blasting in the excavation of a highway adjacent to the building. The complaint of the appellant is that the trial court improperly instructed the jury and that the verdict is ex-excessive.

The proof showed that the roof of plaintiff's garage was damaged by rock cast thereon by the blasting operations of appellant. The roof was approximately six years old and prior to the blasting was in good condition. It was materially injured by the falling stone, but the injury was one that could be repaired. The testimony tended to show the cost of replacement with a new roof, but did not show the probable cost of repairing it so as to restore it to the condition prevailing prior to the injury. Plaintiff was not entitled to a new roof for the damage done to his old one, but he was entitled to recover damages adequate to repair and restore the roof. It is settled by the authorities that an injury to a structure capable of reasonable repair is fully compensated by a sum sufficient to make the repairs. Illinois Central R. Co. v. Nuckols, 212 Ky. 564, 2179 S. W. 964; Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 284 S. W. 405, 47 A. L. R. 483; Ky. T. & T. Co. v. Bain, 161 Ky. 44, 170 S. W. 499. The court properly instructed the jury to find for plaintiff "such a sum in damages as will restore the garage building in as good a condition as it was before the injuries complained of in the petition." The proof should have been confined to the same standard. The court further instructed the jury to find for plaintiff "such a sum in damages as would compensate him for the time lost by himself and employes at the garage at such times as the blasting suspended work, to be measured by a reasonable wage for such work lost." The petition alleged that time was lost by plaintiff and his employes while finding shelter from the falling stone cast upon the garage by the blasting operations. But no amount of time so lost, or the value thereof was specified in the pleading, or any particular amount claimed for that item of alleged damage. The petition was inade-

quate as a basis for the allowance of such special damage, even if it was recoverable in this character of action. L. & N. R. Co. v. Deering, 188 Ky. 708, 223 S. W. 1095; L. & N. R. Co. v. Johnson, 214 Ky. 189, 282 S. W. 1087; L. & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084. Cf. Hunter v. Farren, 127 Mass. 481, 34 Am. Rep. 423.

The plaintiff when testifying, was asked about the loss of time from work, and said it would be difficult to determine, and hard to estimate. He further said that no account of it was kept and any answer on the subject would be mere guesswork. He was asked to make the best guess he could, and responded, "Just let that pass." From such fragmentary facts as appeared in evidence, it was apparent that such loss was negligible. In view of the vague allegations of the petition, the conjectural character of the claim, and the indefinite tendency of the proof, it was improper to submit that matter to the jury. The amount of the verdict is apparently in excess of the cost of restoring the roof, and we are unable to say that the error was not prejudicial.

The proof, on another trial, should be limited to the reasonable cost of repairing the roof, and the instruction authorizing the allowance of special damages for loss of time of plaintiff and his employes should be omitted.

In view of the conclusion announced, it is unnecessary to determine whether the amount of damages is excessive. The testimony on another trial may show with reasonable accuracy the amount of damages, and the question will be reserved. For the error indicated, the appeal is granted and a new trial ordered.

Judgment reversed, for a new trial in consonance with this opinion.