## Jefferson County v. Pohlman.

(Decided April 29, 1932.)

HARRIS W. COLEMAN, County Attorney, and S. L. GREENE-BAUM, Assistant Attorney General, for appellant.

L. R. CURTIS and JOHN O. ARNOLD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The county of Jefferson operated a rock quarry located on the Preston street road some distance from the corporate limits of the city of Louisville, Ky. It continued

from May, 1929, to the latter part of that year, and for two months in the summer of 1930. Across the road from the quarry, at a distance of about 570 feet, and also across an intervening creek, was located the residence of appellee and plaintiff below, and which was on a tract of 8 acres of land also owned by him, and upon which were some outbuildings, one of them being a small barn. The residence is two stories, and contains four rooms and a kitchen, with a chimney, the lower part of which was stone and the upper of brick. It was shown in evidence that the residence building was more than 90 years old, but how much older was not known. It is a frame building, weatherboarded on the outside and lathed and plastered on the inside of its halls, and in four of its rooms, but whether the kitchen is so internally finished is not disclosed by the testimony.

In operating the quarry, dynamite was used to blast the rock, and, after the work ceased, plaintiff filed this action in the Jefferson circuit court against the county to recover damages which he claimed was done to his premises (mostly to his residence) as a result of the blasting, and which he fixed in his petition at the sum of $3,000. The answer denied the material averments of the petition as amended, and upon trial the jury under the instructions given by the court returned a verdict in favor of plaintiff for the sum of $700, upon which judgment was rendered, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal.

A number of grounds are contained in the motion for a new trial and argued in brief of defendant's counsel, some of which are material and meritorious, others are of a doubtful nature, while still others are wholly without merit. Among the latter are: (a) The contention that defendant's motion for a peremptory instruction should have been given because the allegations of the petition, having been denied, were not proven by competent evidence, overlooking the fact that there was competent evidence to show that some rocks were thrown on plaintiff's premises, including his house, and a few were thrown upon his barn, which constituted a direct trespass, and for which he was entitled to recover, at least, nominal damages, plus any substantial damages that might be proven as a consequence thereof; and (b) error of the court in overruling defendant's demurrer filed to the petition as amended. Those pleadings of

plaintiff, while failing to allege facts entitling him to recover certain items of damage which he attempted to do, and which were included in the submission to the jury, did allege sufficient facts to entitle him to other items of damage which he sought to recover, and for which reason the demurrer was properly overruled.

In the multiplicity of points discussed in brief, there are possibly others of the same classification, but we have concluded that a disposition of the case requires a consideration of only two major errors relied on in both the motion for a new trial and in argument of counsel of: (1) Incompetent evidence introduced by plaintiff over defendant's objection, and (2) error in the instructions given, and to which defendant objected and excepted. In disposing of them it will become necessary to refer to others forming a part of and a basis for the two stated major ones.

Plaintiff sought to recover for, and testified concerning, injuries and damages produced by concussion from explosions made at the quarry, when his petition made no allegation that the blasting of which he complained was negligently performed, and which, under numerous opinions of this court, is necessary to entitle plaintiff to recover damages so produced. Gibson v. Womack, 218 Ky. 626, 291 S. W. 1021, 51 A. L. R. 773; Campbell v. Adams, 228 Ky. 156, 14 S. W. (2d) 418; Vincennes Bridge Co. v. Poulos, 228 Ky. 446, 15 S. W. (2d) 271; Brooks-Calloway Co. v. Carroll, 235 Ky. 41, 29 S. W. (2d) 592, and other cases cited in those opinions. Since, therefore, it is essential to a recovery for damages produced by concussions from an explosion that it should be negligently produced, and the petition as amended in this case made no such allegations, all testimony concerning such damages by plaintiff was incompetent, and should not have been admitted. Plaintiff, in estimating the various items of his damage, consisting of injuries to the roof of his house and that of his barn, damages to the chimney of his residence, and damage to the plastering and paper on the walls thereof, gave estimations (some of which were made by others than witness) of the cost of labor and new material so as to practically create when so repaired entirely new parts of the residence, and which was incompetent in so far as the estimates were made by others, upon a ground so well known that it needs no discussion. The testimony was also incompetent because of the well-settled principle of law that

the claimant is not entitled to recover damages to the extent of the value of new buildings that may be destroyed, or of new units or parts of buildings that might be damaged by defendant in the unlawful manner complained of.

The true measure of damages in such cases is the difference between the value of the injured property before the trespass complained of and its value afterwards. As sometimes expressed, and which was employed in the Carroll opinion, supra, "such a sum as will enable the plaintiff to restore the house and cistern to substantially as good a condition as they were before the injury." To the same effect are the cases of Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S. W. (2d) 749; States Corporation v. Shull, 216 Ky. 57, 287 S. W. 210; Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. 974, 7 A. L. R. 268, and also some, if not all, of the cases cited supra. The rule as so announced was thoroughly discussed, elaborated upon, and approved in the case of Reed v. Mercer County Fiscal Court, 220 Ky. 646, 195 S. W. 995, 996, 54 A. L. R. 1275. In that case recovery was sought for the destruction of an ancient rock fence, the age of which was, perhaps, no greater than the residence of plaintiff in this case. After discussing some collateral matters and some unrelated ones, the opinion in that case said:

"However, appellant is not entitled to a new fence nor can he have a reproduction of the old one; hence he can only recover the value of the fence in its condition at the time of the injury."

In arriving at that valuation, the opinion said that it should

"be ascertained by estimating the present cost of construction of a stone fence similar to the one destroyed and deducting from the amount of such estimate the depreciation which the old fence had suffered by reason of age and use."

As seen, the testimony of plaintiff upon the extent of damages done to his house consisted in what he termed total destruction of its roof, its plastering and its paper, and he submitted values of corresponding entirely new parts or units of the building, when, under the rule, as we have seen, he was not entitled to recover an amount

exceeding the value of such damaged parts in the condition they were in at the time of the alleged injuries. Therefore the testimony as to the extent of the recoverable damages so given, without proof of depreciation of the damaged parts or units because of age and use, was and is improper, and furnished an erroneous basis for the recovery of a sum larger than plaintiff was entitled to.

A witness for plaintiff was permitted to testify as to the depreciation in the rental value of plaintiff's property during the operation of the quarry by defendant, when there was no claim in any of plaintiff's pleadings for any such loss, nor could there have been, in view of the fact that it was neither rented nor contemplated to be rented by him, since he had theretofore occupied it as a residence and continued to do so throughout the transactions involved in this case. In such circumstances the measure of recovery for damages relating exclusively to interruption of peaceful enjoyment of occupancy is the difference in the value of the use of the house without such interruption produced by the explosions and its value during the continuance of them. See cases supra, particularly the Adams & Sullivan one, and also the recent case of City of Harrodsburg v. Brewer, 243 Ky. 378, 48 S. W. (2d) 817, and decided March 4, 1932. Therefore the evidence which the court permitted to be introduced and to which defendant objected and excepted, relating to the difference in the rental value of the property, was entirely foreign to the issues in the case, and should have been excluded.

There was no other evidence in the case bearing upon the issue as to this item of damage, except that given by plaintiff, who testified that the difference in the value of use and occupancy of his house as a dwelling was $1,000. That flat statement was unexplained in his testimony in chief, but upon cross-examination it was developed that he based it on the theory that he possibly could have taken in boarders during that time in sufficient numbers to have produced $1,000 at the price he would charge, and which is so clearly speculative and remote as to require no argument or elaboration to establish it. Without that wholly incompetent testimony, there was none of a relevant nature bearing upon this item of damage, and in such circumstances no recovery therefor could be had, and the court erred in submitting

it to the jury upon the evidence as contained in the record.

Complaint is also made that many of the witnesses did not qualify themselves to testify upon the issues to which their testimony related; but we are not inclined to agree with that contention. It is true that some of them had not exclusively engaged in the particular character of work to which their testimony related, but some of it was of such a nature as that the ordinary nonexpert witness could testify concerning it, and the remainder of such objected-to testimony was given by those who had been so situated, as contractors, that they could have acquired knowledge of such matters so as to enable them to so testify.

In disposing of ground 2, we deem it only necessary to say that the only errors we find in the instruction consist, (c) in the failure of the court to exclude, for the reasons hereinbefore stated, the right of plaintiff to recover damages produced by concussions from blasting, and (d) failure to incorporate the proper criterion of damages as hereinbefore pointed out. The court not only erred in failing to exclude recovery produced by concussions, but it expressly authorized recovery therefor in instruction No. 1 given to the jury, and error (d) was committed by the giving of instruction No. 2, on the measurement of damages without incorporating the requisite standard, supra, for the measurement thereof, and which left the jury to find anything it saw proper up to the maximum amounts incorporated in the instruction.

Before closing, we deem it proper to say that the entire evidence given by plaintiff and his witnesses who testified as to the occurrences producing the alleged injuries and damages is nebulous, general, and confusing. It is wholly lacking in specification so as to clearly point out what happened to his property as a result of the blasting or how it was produced, and he also failed to produce any distinct proof as to the exact condition of the property before the blasting was done. However, it did appear that the roof of both his dwelling and his barn were constructed out of cheap material and had been serving as such for many years, which, according to testimony introduced by the defendant, was more than the average life of such material. Also it similarly appeared that the plastering on the building, or at least the greater part of it, was so old as to be classified as

ancient, and the papering on top of it was of a cheap variety, and had been on the walls for many years. Such facts do not disentitle plaintiff to recover for the damages he actually sustained, but the burden was on him to point out with some reasonable degree of certainty the extent and the amount of such damage produced by the acts complained of, so as to enable the court and the jury to arrive at some reasonable conclusion with reference thereto.

For the reasons stated, the judgment is reversed, with directions to grant a new trial and to set it aside, and for proceedings consistent with this opinion.