# Hunt-Forbes Construction Co. v. Martt et al.

(Decided Feb. 10, 1933.)

FRANK C. MALIN and HUBERT T. WILLIS for appellant.

JAMES B. ADAMSON and JOE M. SPEARS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER —Reversing.

Appellees are the owners of a two story brick building and a one story concrete building on the southeast corner of Winchester avenue and Forty-Fifth street in Ashland, Ky. The two buildings were erected in 1921, and really constitute one structure. The first

floor of the brick building was occupied as a store; the other portion as apartments. The concrete building was largely used as a warehouse in connection with the operation of the store. In the year 1929 the city of Ashland contracted for the construction of a sewer along Winchester avenue in front of the property and out Forty-Fifth street by the side of it. Appellant was the contractor for the building of the sewer. Near the intersection of Winchester avenue and Forty-Fifth street solid rock was encountered in excavating for the sewer and it was necessary to use explosives to remove it. The rock extended from Winchester avenue up Forty-Fifth street. Appellee's building fronted 45 feet upon Winchester avenue and 70 feet upon Forty-Fifth street. On Winchester avenue the sewer was about 10 feet from the front of the building, and on Forty-Fifth street it was about 4 feet from the side of the building. Appellees brought this action against appellant charging that in this excavating work appellant negligently set off terrific blasts of dynamite in close proximity to the building, breaking windows, throwing large rocks and other debris on the windows, cracking and jarring loose the foundation walls, causing the walls to bulge, the floor to sag, the building to settle, and the doors and windows to come out of alignment, in all to their damage in the sum of $5,000, for which judgment was prayed. The defendant filed answer denying the allegations of the complaint. The case came on for trial before a jury, who returned a verdict for the plaintiffs fixing the damages at $2,256.40, and crediting the defendant thereon with $196.15, the amount it had spent in repairing the building, leaving a balance of $2,060.25, for which judgment was entered. The defendant appeals.

The proof for the plaintiff, briefly stated, was in effect that the building was in good condition before the blasting was done; that the blasting was done negligently and that unusual blasts were fired from time to time; and that by reason of the blasting it was left in the condition above stated. On the other hand, the proof for the defendant was that the building was not in good condition when the work was begun; that the blasting was done in the usual, reasonable manner; that no excessive blasts were fired; and that the blasts did not cause any vibrations of the building. The de-

fendant also introduced proof tending to show that the building stood not far from a creek and that the land in this vicinity was slipping toward the creek, and that all the trouble with the building arose from the slipping of the land and not from the blasting. The rock was about 9 feet thick. It was blasted off by holes put down about 4 feet deep. The testimony for the defendant was that the workmen only put into each hole a stick and a half of dynamite and that this was the usual amount and would cause no vibration of the surrounding territory.

On the other hand, the plaintiff proved that while many of the blasts were of this character, others were very violent; shaking the goods off the shelves in the store, throwing things off the tables in the apartments, breaking the plate glass window and other windows, throwing rocks on top of the roof, etc. The plaintiffs also proved by one witness that he saw the workman put three sticks of dynamite in one hole, and the plaintiffs proved by another witness that this workman told him that in doing this work he put in a stick of dynamite for every foot the hole was deep. While the testimony of this witness was only competent to contradict the other witness who had testified otherwise, the above testimony was sufficient, considering all the facts, to take the case to the jury on this question.

The plaintiffs were allowed to state that after the building was injured they went to see a number of contractors to learn what they would repair the building for, and were allowed to state that these bills amounted to between four and five thousand dollars. This evidence was incompetent. The contractors might have been introduced to testify as to the cost of the repairs, but all the above testimony was simply hearsay and should have been excluded.

Some of the witnesses, who were introduced for the plaintiff, had not seen the building before the blasting was done and did not know its condition. They saw it in its injured condition and were allowed to state what would be the reasonable cost of making repairs; but the plaintiff had proved by other witnesses that the building was in good condition before the blasting was done, and the court does not see that the jury could have misunderstood the evidence.

By instruction 1 the court told the jury that if they believed from the evidence that the defendant used explosives and by reason thereof stones, rocks, or other debris were thrown on, into, or against the building, thereby damaging it, the law was for the plaintiff. By instruction 2 he told the jury that if by the wrongful and negligent use of dynamite the defendant caused heavy concussions, resulting in shaking the building and causing the plaster to fall or the walls to be cracked, etc., then they should find for the plaintiff. The court should not have used in instruction 2 the word "wrongful" and it may have served to mislead the jury. By instruction 3 the court told the jury that if they found for the plaintiffs they should award them such a reasonable sum in damages as they believed from the evidence it would cost to put the building in the same condition it was before said injuries were done. A like instruction has been approved by this court in cases where the injuries might be readily repaired, but in all other cases the proper measure of damages is the difference in the fair market value of the property just before and just after the injury. Here there was much proof that the injury to the property could not be readily repaired, and that its condition was permanent unless a great sum was spent in practically rebuilding a large part of the structure. In lieu of instruction 3, the court, under the evidence, should have given the following instruction:

"If you find for the plaintiff you should award them such a sum in damages as you may believe from the evidence it would reasonably cost to put said building in the same condition it was in before said injuries (if any) were done, not exceeding the sum of $5,000, if the injuries may be readily repaired; but if the injuries may not be readily repaired then you should find for the plaintiff the difference between the fair market value of the building just before the injury and its said value just after the injury."

In Lexington, etc., R. Co. v. Baker, 156 Ky. 431, 161 S. W. 228; Adams, etc., v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268; Brooks, etc., Co. v. Carroll, 235 Ky. 41, 42, 29 S. W. (2d) 592, and States Corporation v. Shull, 216 Ky. 57, 287 S. W. 210, the injury could be readily repaired and an instruction similar to No. 3 given here was approved. * * * But in Kentucky

380

Traction & Terminal Co. v. Bain, 161 Ky. 44, 170 S. W. 499; Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S. W. (2d) 749; Conn. v. Lex. Util. Co., 233 Ky. 230, 25 S. W. (2d) 370; and Jefferson County v. Pohlman, 243 Ky. 556, 49 S. W. (2d) 344, it was held that where the injury to the house could not be easily repaired, the measure of damages was the difference in the value of the house before and after the injury. Here the evidence was conflicting as to whether the injury to the house by reason of the blasting could be readily repaired and our well-settled rule is that the question is for the jury where there is any evidence of the necessary facts.

On another trial the court will modify the last clause of No. 4 following the words "find for the defendants" so that it will read as follows: "But if said repairs were not done by agreement in full settlement of all claims plaintiffs had and if you find for plaintiff and the amount so found is greater than $196.15, then you should deduct from your finding said sum of $196.15 from said amount and render a verdict for plaintiff for the difference in said amounts."

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.