**ALDRIDGE–POAGE, Inc., et al., Appellants,**

**v.**

**Katheryne Mackey PARKS, Appellee.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

J. W. Knippenberg, Lexington, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, and A. J. Deindoerfer, Louisville, George T. Ross, Richmond, for appellant Aldridge-Poage, Inc.

William B. Buford, Nicholasville, for appellant City of Nicholasville.

John S. Deering, William Hill Mackey, Nicholasville, for appellee.

WADDILL, Commissioner.

The Aldridge-Poage Company and the City of Nicholasville are appealing from a judgment against them for $10,200 in a suit brought by Katheryne Mackey Parks.

The defendant, City of Nicholasville, contracted with the defendant, Aldridge-Poage Company, for the construction of a water line from the Kentucky River to the city, the line to be built over a right of way furnished by the city. Simultaneously with the execution of that agreement, the city contracted with the Conn Construction Company for the erection of a power line over the same route.

In providing the necessary right of way for the power and water lines, the city obtained an easement over plaintiff's farm which contained the following provision:

"The City of Nicholasville, will bind itself * * * to properly repair damages to, or re-imburse the undersigned for damages to fences, crops, or other property of the undersigned resulting from the construction, repair, replacement or maintenance of said lines."

The plaintiff instituted this action to recover damages against the city and the Aldridge-Poage Company alleging that her home and outbuildings were damaged by reason of Aldridge-Poage Company's negligence in setting off excessive charges of dynamite and other explosives in constructing the water line.

We will assume for the purpose of this opinion that the evidence established that the defendant Aldridge-Poage Company set off charges of explosives that produced concussions or vibrations in the surrounding earth that caused damage to plaintiff's buildings. However, under the rule prevailing in this state, there is no liability on the part of the Aldridge-Poage Company for damage so caused unless it is shown that the company performed its work negligently, and that the injury was the result of its negligence. Williams v. Codell Construction Co., 253 Ky. 166, 69 S.W.2d 20, 92 A.L.R. 737; Jefferson County v. Pohlman, 243 Ky. 556, 49 S.W.2d 344; Campbell v. Adams, 228 Ky. 156, 14 S.W.2d 418; Gibson v. Womack, 218 Ky. 626, 291

S.W. 1021, 51 A.L.R. 773. While we have serious doubt of the soundness of this rule, we have concluded not to re-examine it in this particular case. Plaintiff not only failed to show what the normal or usual methods of blasting would be in this particular situation, but also failed to prove that her damage was the result of negligence on the part of the defendant company. Hence, on this phase of the case, the circuit court should have directed a verdict in favor of the defendant Aldridge-Poage Company.

As concerns plaintiff's averment of a direct invasion of her property by throwing stones and debris thereon by blasting, a recovery may be had against the party committing such a trespass. Williams v. Codell Construction Co., 253 Ky. 166, 69 S.W.2d 20, 92 A.L.R. 737. We think the verdict of $200 for the damages resulting from the trespass was warranted under the proof and the judgment in this respect should be affirmed.

Under the covenant in the easement, the city unequivocally bound itself to repair any damage to plaintiff's property which was caused by the construction of the water or power lines. There was sufficient evidence that the damage to plaintiff's property resulted from the construction of these lines. With respect to the city's liability, the only question presented by this record is whether or not the circuit court correctly instructed the jury on the measure of damages. The jury returned a verdict for $10,000 under the following instruction:

"You will find for the plaintiff such damage as you believe from the evidence will enable her to restore the house, barns, out-buildings, cistern, walks and furnace in substantially as good condition as they were before the injury complained of, the whole finding not to exceed the sum of $12,000."

It is urged that the instructions given did not correctly state the measure of damages. There was some evidence to

the effect that plaintiff's home might be readily repaired. There was other proof that the damage to the property could not satisfactorily be repaired, but would require a major rebuilding job to restore it to the condition it was in prior to the damage.

■ The defendants contend that in view of the conflicting evidence about the extent of plaintiff's damage, the court should have submitted the damage question to the jury under an instruction similar to the one approved in Hunt-Forbes Construction Co. v. Martt, 247 Ky. 376, 57 S.W.2d 37. We agree that defendants' contention has merit concerning the instruction that should have been given with respect to the liability of the defendant construction company. Jefferson County v. Pohlman, 243 Ky. 556, 49 S.W.2d 344; Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S.W.2d 749; and Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S.W. 974, 7 A.L.R. 268. However, we have disposed of the defendant construction company's liability in this case and are now considering the instructions as they relate to the city's liability under its covenant "to properly repair" plaintiff's property. Hence, we think the measure of damages was accurately stated by the court to be the reasonable cost of restoring the buildings to the condition they were in prior to the construction of the lines across plaintiff's premises. See, States Corporation v. Shull, 216 Ky. 57, 287 S.W. 210; Taulbee v. Campbell, 241 Ky. 410, 44 S.W.2d 275. And we find that the evidence supports the amount of damages awarded herein.

The judgment against the defendant, Aldridge-Poage Company, is affirmed with respect to the $200 awarded for trespass; it is reversed with respect to the award of $10,000 damages for the alleged negligent blasting, and a judgment notwithstanding the verdict is directed to be entered on this alleged claim. The entire judgment against the defendant City of Nicholasville is affirmed.