**MARLOWE CONSTRUCTION COMPANY, Inc., Appellants,**

v.

**Carroll W. JACOBS et al., Appellees.**

Court of Appeals of Kentucky.

May 24, 1957.

Pierce Lively, Danville, for appellant.

James F. Clay, Danville, for appellees.

CLAY, Commissioner.

Plaintiff appellee recovered $1,802.10 damages for injury to real property caused by concussion from the allegedly negligent blasting operations of the defendant appellant. On this appeal defendant urges it was entitled to a directed verdict and that two items of damages were improperly allowed.

Plaintiff owned a brick house on the Lancaster Road near Danville. This highway was being reconstructed by defendant, which necessitated blasting operations in making a cut. The house was located 1,200 feet from the scene of the blasting. Plaintiff proved as a result thereof the walls and the plaster in his house were cracked, his fences were damaged, and one of his ponds went dry. Plaintiff introduced an expert witness who undertook to testify that the damage sustained on plaintiff's property indicated that more dynamite than necessary was used in the blasting operation.

The trial court excluded the testimony of this expert, but in doing so stated that the plaintiff had made a sufficient showing

to go to the jury. After defendant's motion for a directed verdict was overruled, it introduced evidence of the method used in blasting, and in rebuttal the plaintiff reintroduced the expert. His opinion at that time, based upon the proven facts with regard to the actual blasting operation, was that it was improperly done.

Defendant's contention is that at the close of plaintiff's case there was no substantial evidence of negligence and that in effect the plaintiff proved his case in chief on rebuttal. Plaintiff's argument, in which we find merit, is that the order of proof was a matter within the discretion of the trial court, and that defendant can show no real prejudice because of the manner in which the case was tried. CR 43.02(3) specifically authorizes the trial court to regulate the order of proof, and subsection (4) of this Rule permits the court to allow evidence in chief at the rebuttal stage of the proceedings. See Wigmore on Evidence, 3d Ed., Vol. 4, Section 1869, page 501, and 53 Am.Jur., Trial, Section 116.

However, disregarding the procedural aspects of the trial, we are of the opinion the court properly denied defendant's motion for a directed verdict at the close of the plaintiff's evidence in chief, on the ground the plaintiff had made a prima facie case.

Admittedly it has long been the rule in Kentucky that where damage is caused to another's property by *concussion or vibration* as the result of blasting, the plaintiff may recover damages only upon a showing of negligence on the part of the defendant in the performance of its work. Campbell v. Adams, 228 Ky. 156, 14 S.W.2d 418; Williams v. Codell Construction Co., 253 Ky. 166, 69 S.W.2d 20, 92 A.L.R. 737. No such burden is placed upon the plaintiff when this extra-hazardous activity damages his property by casting material objects thereon. Langhorne v. Turman, 141 Ky. 809, 133 S.W. 1008, 34 L.R.A.,N.S., 211. In Randall

v. Shelton, Ky., 293 S.W.2d 559, we re-examined a number of our cases in considering the question of trespass and negligence when a person is injured on his own land by the acts of another. We therein observed that in some of our cases where proof of negligence was required, the result reached could be justified on the theory of res ipsa loquitur.

In the recent case of Aldridge-Poage, Inc., v. Parks, Ky., 297 S.W.2d 632, we expressed serious doubt concerning the soundness of our rule which requires the plaintiff to prove negligence when his property is damaged by one engaged in the extra-hazardous activity of blasting.

It is the opinion of the court that even though our present rule requires negligence to be proven in a case such as the one we have before us, the plaintiff's proof of defendant's acts and the nature of the damage caused may raise an inference of negligence under the doctrine of res ipsa loquitur and thereby shift the burden of going forward with the evidence to the defendant.

This principle, which was apparently followed by the trial court, was recognized in Brooks-Calloway Co. v. Carroll, 235 Ky. 41, 29 S.W.2d 592. In that case we held it competent for the plaintiff to testify that the defendant's work could have been carried on without using such large quantities of explosives, and that this testimony bore on the question of negligence.

In Kaninsky v. Purcell & Gilfeather, Inc., Sup., 158 N.Y.S. 165, at page 166, where the court recognized the same rule as we have in Kentucky on the question of negligence, it was stated:

"* * * where the testimony of the results and surrounding circumstances of a blast is so strong that under ordinary circumstances, such a result could not have occurred unless the blasting was negligently performed, a prima facie case of negligence is made out."

In the State of Texas the history of their blasting decisions is quite similar to our own. The case of McKay v. Kelly, Tex. Civ.App., 1950, 229 S.W.2d 117, is almost identical with the one we have before us, including the fact that the plaintiff's house was located 1,200 feet from the scene of the blasting. The plaintiff had failed to prove the amount of explosives used by the defendant or the method of blasting. After a review of the former Texas cases, the court reached the following conclusions, 229 S.W.2d at page 120:

"We believe it to be a matter of general knowledge that blasting by the use of explosives will not cause damage to adjacent property unless negligently conducted. Witness the many excavations in large cities for the construction of buildings, houses, streets, sewer and water lines and for other purposes in which the use of high explosives is made as a matter of course and without the slightest damage to adjacent or nearby property.

\* \* \* \* \* \*

"We believe the facts and circumstances of this case made the applicability of the rule of res ipsa loquitur very appropriate. If a person in, say, blasting stumps sets off an explosion which levels his neighbor's house several hundred feet away, it would be rather ridiculous to require proof of the exact amount of explosive used in order to show that he used too much."

In view of the particular circumstances of the present case, including the proof of blasting, the nature of the damage to plaintiff's property, the causal connection between the two, and the admitted fact that defendant had exclusive control of the extra-hazardous activity, we are of the opinion that the rule applied in the Texas case just cited is applicable here, and that the trial court properly overruled defendant's motion for a directed verdict. No contention is made that on the whole case there was insufficient evidence for the jury to find a case of liability.

■ Defendant contends that two items of damage, each for $150, were improperly allowed by the jury. With respect to the first, involving the cost of removing rock, this item of damage was not pleaded. However, evidence with respect thereto was introduced without objection by the defendant on the ground that it had not been pleaded. We believe this matter of damage was tried under the provisions of CR 15.02, and was properly submitted to the jury.

■ The jury made a specific award of $150 for interior painting of the house. There was no proof to support this item, and it should not have been allowed.

The motion for appeal is sustained, and the judgment is affirmed in part and reversed in part, with directions to enter a judgment for the plaintiff in the amount of $1,652.10.