## Great American Ins. Co. v. Crume.

March 12, 1940.

V. H. Jones, Judge.

Frank M. Drake and Victor L. Kelley for appellant.

Ernest N. Fulton and Andrew W. Nichols for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

In August, 1933, a brick building located in Bardstown, Kentucky, owned by Dr. W. E. Crume, was damaged by fire. Insurance in the amount of $3,000 against loss by fire was carried by the Great American Insurance Company. The parties were unable to agree on the amount of damage, and Dr. Crume brought an action

against the insurer to recover the sum of $1,058.14, the amount of loss alleged to have been sustained. The plaintiff recovered a judgment for $966 which was reversed. Great American Insurance Company v. Crume, 266 Ky. 729, 99 S. W. (2d) 742, 743. On the second trial the jury returned a verdict in favor of the plaintiff for $1,030.14, the limit permitted by the instructions, and the defendant again appeals. The grounds chiefly relied upon for reversal of the judgment are: (1) The verdict is flagrantly against the evidence; and (2) instruction No. 1 is erroneous.

The first judgment was reversed because evidence was admitted concerning the cost of repairing portions of the building not damaged by fire, and because the proof of loss was not limited to the reasonable cost of restoring the building to as good condition as it was before the fire, using materials of like kind and quality. In the opinion on the first appeal it was said:

"In other words, Dr. Crume should recover the reasonable cost of the necessary labor and material to make this house as good as it was just before the fire. The cost of the repairs he made may not be the same as that. The doctor may have done some things the fire had not made necessary to be done and left undone some things that should have been done."

And further:

"Dr. Crume should be neither enriched nor impoverished. The insurance company should restore to him what he had before the fire, nothing less and nothing more."

At the second trial the principal witness for the plaintiff was R. W. Grigsby, a contractor who made an estimate of the cost of restoring the building shortly after the fire. He was asked to give the total amount of his estimate, and he replied: "At that time my estimate was $1,058.14." The court properly sustained an objection to the answer. In reference to similar testimony, this court said on the former appeal:

"Witnesses who had examined this building could testify what parts of it were so injured, but only those witnesses who had examined any particular item and were otherwise qualified should have been

permitted to testify to the cost of repairing that item, and the testimony of any witness as to the total cost of making these repairs should be rejected unless the witness giving such be able to give the cost of the items that make up such totals. A witness giving totals and unable to give the component items is merely guessing.''

It is not improper for a witness to give the total amount of his estimate after testifying concerning its component items, but he should not be permitted to give totals unless he gives the cost of all items included therein. In testifying concerning the cost of the various items necessary to restore the building to its former condition, the witness Grigsby stated that 4,600 common brick, costing $69, would be required to repair the brick chimney damaged by the fire, and 29 sacks of cement, costing $15, would be required to make the mortar for repairing the chimney; 100 fire brick for the open fire place would cost $8. He estimated that it would take 900 feet of poplar weatherboarding, at a cost of $33.30, to repair the east end of the house, and 50 pieces of studding, at a cost of $11.65. Other items given by him were 14 squares of roofing, $105; 100 bags of wood fiber, $80; 50 bushels of sand, $6; and 2,500 lathes, $16.25. The last three items were required for the plastering in the four front rooms and the halls. The necessary repairs to the floors would cost $51.80. All of the foregoing items amount to $396. After testifying concerning the cost of these items, he was asked: ''Did you or not make an estimate of the repair necessary for the chimney, the weatherboarding, and the plastering?'' And he answered: ''My estimate of that job, exclusive of the paper and painting, was $375, and that didn't include the paper and paint.'' He had theretofore testified that the cost of the materials necessary to repair the chimney was $92, the cost of the weatherboarding and studding $44.95, and the cost of the wood fiber, sand, and lathes for the plastering $102.25, or a total of $239.20. When he was asked to estimate the cost of the three items combined, he fixed it at $375, or $135.80 more than the total cost of materials entering into these items. Obviously this difference represented his estimate of the labor cost. He was then asked to name any items that he had omitted, and he listed a number of

small items, including nails, door locks, brick for scaffold, etc., amounting in all to $80.13. He also stated that 29 sacks of brixment to make the mortar for laying the brick in the chimney were necessary at a cost of $14.50. The total amount of all the items in Grigsby's estimate, including the $375 item for repairing the chimney, weatherboarding, and plastering, was $865.63. To this he added the estimate of Jim Vittitoe for the labor and materials necessary to repaper and repaint the house, which amounted to $150.60, making the total cost of restoring the house to its former condition $1,016.23. This total, however, obviously contained a number of duplications. Grigsby's testimony concerning the $375 item is not clear, but evidently it included the cost of materials for the chimney, the weatherboarding, and the plastering, which he had theretofore estimated at $239.20. There is also a duplication of the $15 item for 29 sacks of cement for the mortar in the chimney. Apparently there are other duplications of small items in his estimate, but enough have been pointed out to indicate that the court erred in instructing the jury that their finding might be for as much as $1,030.14. Will H. Hahn, a contractor, also testified for the plaintiff and gave an estimate of the cost of the various items of repair necessary to put the house in substantially as good condition as it was just before the fire. Hahn rebuilt the brick chimney, and he testified that the cost to Dr. Crume, including labor and materials, was $140.40. His total estimate, with items of repair not made necessary by the fire eliminated, was $713.26.

In the opinion on the former appeal, the form of instruction to be given on another trial was indicated, but in giving the instruction the trial court inadvertently omitted these words, "so as to put it in substantially as good condition as it was just before the fire." Appellant argues that by the omission of these words the element of depreciation was entirely excluded from the case, and that the instruction was prejudicially erroneous. It is unnecessary to determine the effect of the omission of these words from the instruction, since we have concluded that the judgment must be reversed for the reasons heretofore indicated. On another trial the jury will be instructed as directed in the opinion on the former appeal.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.