# Great American Ins. Co. v. Crume.

## Oct. 2, 1942.

Frank M. Drake and Victor L. Kelley for appellant.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

There have been two prior appeals of this case. See 266 Ky. 729, 99 S. W. (2d) 742, and 282 Ky. 282, 138 S. W. (2d) 480, reference to which will show that the judgment on the first trial was for $966, on the second, $1,030.14, both reversed. On the third trial judgment for $900 was rendered upon a verdict of the jury, and from which appeal is prosecuted on the ground that the verdict was not warranted by the proof.

It is contended that certain errors in the former trials were allowed to creep into the third trial, on the whole raising no question as to liability of the insurer for damages to a less amount than that awarded, appellant admitting that the proof supported award not in excess of approximately $350; this admission, of course, disposing of appellant's contention that the court should

have sustained a motion for a peremptory instruction at the close of appellee's and all the evidence.

We reversed the first judgment chiefly on the ground that the court had admitted incompetent testimony, and gave a faulty instruction as to the correct measure of damages. A reference to the opinion will obviate the necessity of here repeating the reasons given for our conclusions. Upon second appeal the same contention as to lack of supporting proof was advanced, and it was insisted that the court failed to follow our admonition on the matter of instruction, and permitted the same questionable testimony to be introduced. The technical error as to instruction was cured on the last trial.

The first opinion condemned certain testimony as to damages resulting from the building of a wall, and because of certain testimony given as to cost necessary to restore the building to its prior condition. We held that a witness should not be permitted to give estimates in toto, without specifically testifying as to each item of damage or repair necessary to make up the whole. In this holding we condemned the testimony of Grigsby, estimator, who while undertaking to break down his totals had, perhaps, duplicated items, and we found it uncertain whether or not he had included certain labor in his estimate.

Our conclusion in the second opinion was to the effect that the court's fixing of maximum damage, set out in the instruction, was not supported by the evidence. On the last trial the court fixed the maximum at a less figure than had been set in the former trials, and as indicated the question here is whether or not the testimony warranted the fixing of the maximum at $965.64, counsel insisting that it did not, and that the same errors as to admission of testimony occurred, because the same estimates were used on that trial.

Reverting to our second opinion, we note that we concluded that the proof, particularly of Grigsby, a dealer in building materials, did not justify the maximum, due to the fact that in his prepared estimate there were duplications of items, and perhaps an erroneous inclusion of elements of labor. In both former appeals we found a confusion of testimony.

On the last trial Dr. Crume did not testify with certainty as to amounts paid by him for some improvements actually made. He did testify as to the cost of the

chimney, including removal of debris and scaffolding. He testified as to the condition of the property prior to and after the fire; it does appear that there is some discrepancy between his and Hohn's testimony, the latter being the builder of the chimney, and some discrepancy between the estimates of Hohn and Grigsby on costs of necessary repair materials. If any of the testimony was untrue this was a matter addressing itself to the consideration of the trial jury.

It would serve no useful purpose to go into details on these matters, since we are of the opinion that the estimate of Grigsby, which by parties was stipulated to be the same as introduced on former trials, and made just after the fire, prior to the trial of 1936, together with admissions as to the cost of roofing and the testimony of other witnesses who performed labor, justified the maximum amount fixed in the instruction given.

The Grigsby estimate was made shortly after the fire in 1933, and then apparently at request of parties interested in the insurance business. Grigsby, a mill owner and lumber dealer of long experience, had made his estimate before proof of claim, as the record shows that the claim for recompensation was based on his estimate. No other estimates or survey of the property was made by any one testifying, until long after the fire, and some just previous to the last trial. Some witnesses for defendant who undertook to estimate damages and reasonable cost of restoration, based on remote inspections, minimized the damages to a considerable extent, putting such issues up to the jury.

As we read Grigsby's testimony, it is not subject to the criticisms stated in the two former opinions, more particularly the second one. It is true as contended by counsel, that it was the same estimate used on the former trials, giving the same total of $1,058.14. On this trial the witness took up up his estimate item by item, as we indicated was a proper method. In so doing the witness excluded certain items which were conceived to be duplications, as exemplary, cost of labor and materials for repainting and repapering, and some portion of the roofing cost. Mr. Grigsby was positive as to his estimate of the number of common brick necessary to be and actually used in the building of the chimney, notwithstanding contrary testimony of Mr. Hohn. He was also positive that there were no duplications of items, and we

note that the court further controlled this point by timely rulings and admonitions to the jury as the hearing proceeded.

The Grigsby firm did not make the repairs, though furnishing some materials. However, Mr. Grigsby had examined the property shortly following the fire, and it was his opinion that his estimate, item by item, fairly reflected the reasonable cost of restoring the building, in a substantial way, to its prior condition. It is true as the record shows that at the times of trials the flooring had not been restored or replaced. Witnesses for appellee testify to considerable damage, greatly minimized by appellant's witnesses, they thinking it was negligible. However, this presented a factual question for the jury.

Appellee was not relegated to recovery of the amount expended in making the repairs to the floor or other damaged parts, nor was he required to make the repairs unless he elected so to do. The measure of damages where there is a partial loss of property, and we found in our first opinion that this was a "partial loss" case, is such sum as will be sufficient to restore the building to substantially the same condition as it was prior to the injury, where the same can be done at a reasonable cost. Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268, and cases cited in our first opinion, in which we indicated that the amount of Dr. Crume's recovery was to be measured by the stated rule, "and not what he expended for repairs," as he may have determined to forego the making of some repairs.

We are of the opinion that the procedure was such on this last trial as to cure the objectionable features pointed out in former opinion. Nor do we find any error in the admission of testimony, which criticism in the main was directed to the bringing in of the estimates used on the other trials. The criticism is not availing here because of the manner in which those estimates were referred to in the testimony on the last trial. The proof was in some respects conflicting, but this would not justify us in reversing the judgment, since we are convinced that there was ample competent testimony to support the jury's verdict, under an instruction which is not subjected to criticism, except to the extent that the proof did not authorize the maximum amount fixed by the court. Finding no reversible error, the judgment is affirmed.