## Booher et al. v. Flowers.

Dec. 4, 1942.

James C. Carter, Jr., and Harlan E. Judd for appellant.

W. Tanner Ottley and J. Paul Carter for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In this action, filed by the appellee, H. L. Flowers, against the appellants, Pascal Booher and Ella Booher, it was alleged that the appellants conspired to, and did, set fire to and destroy a store building in which appellee operated a general store, the fire resulting in complete destruction of his stock of merchandise and fixtures. Verdict and judgment were for appellee in the sum of $1,000, followed by this appeal.

The first, and principal, ground urged for reversal, that the verdict was flagrantly against the evidence and that a verdict should have been directed for appellant, necessitates a summary of the evidence.

Ella Booher, a woman 54 years of age, had for years operated a general store in Cumberland County and near the Clinton County line. With her lived an invalid

sister and housekeeper. Pascal Booher, distantly related to Ella, with his family lived on and operated Ella's farm and also helped around the store.

For about a year prior to the fire, which occurred in October, 1939, appellee had operated a store in Clinton County about a half a mile distant from Ella's store. About 10 o'clock at night appellee discovered the fire burning in the roof. Bloodhounds were secured and trailed to Pascal's residence and upon arrival there officers procured Pascal's shoes, which, according to appellee, fitted tracks he found leading from the store in the direction of Pascal's residence. Appellee testified that he found at the scene of the fire two cans "with lips turned up", indicating that they had probably been used for pouring coal oil.

An indictment was returned against Pascal in December, 1939, charging him with arson, but at the March term, 1940, the indictment was dismissed and on the same day a new indictment was returned accusing him of the misdemeanor of destroying the property of another, committed by setting fire to and burning appellee's stock of merchandise. Pascal pleaded guilty to the misdemeanor and paid a fine of $500 with money furnished by Ella. This procedure was the result of a "compromise" between the parties and Ella was active in the negotiations —in fact, seemed to have the guiding hand. Appellants testified that Ella merely loaned Pascal the money and produced a note he had executed to her therefor.

Buford Daniel testified that about a month before the fire both appellants tried to hire him to burn the store, Pascal offering him $20 and Ella raising the ante to $25. Upon his refusal, they urged him not to tell of their offer. The witness didn't tell appellee about this conversation until about two months after the fire and did not appear before the grand jury.

Curtiss York and wife testified as to a conversation they had with appellants at Ella's store about a month before the fire in which appellants displayed resentment against appellee on account of his entry into the rival business. In this conversation these witnesses testified, appellants said they didn't aim for appellee to stay long enough to hurt their business and Pascal finally said "We will take a long pole and put some corn shucks and coal oil and they won't get any finger prints that way".

Ella, also, made a somewhat similar remark, they said. These two witnesses were impeached by two witnesses and appellants testified that they had announced their intention to get even with appellants upon credit being refused them by Ella.

Elmer Boyles, a joint defendant with appellants in this action (the action was dismissed as to him), testified that in March, 1939, Pascal asked him if he would help burn the store and he refused. Ella was not present at this conversation.

Counsel for appellants argue most earnestly that this evidence was insufficient to justify a submission to the jury as to either appellant, particularly as to Ella. This argument, in so far as Pascal is concerned is so completely lacking in merit as to require little discussion —the fact that he pleaded guilty to the indictment charging him with the burning was sufficient in itself to sustain the verdict as to him. When the other evidence is considered in connection with his plea of guilty, it would have been surprising had the jury not concluded he was guilty.

It is our conclusion also that the verdict against Ella is not flagrantly against the evidence. Appellants' argument in this respect is devoted largely to the improbability of the truth of the testimony of Buford Daniel and the Yorks. Since the Yorks were impeached and since their testimony appears somewhat improbable, we might be inclined to lean towards appellants' contention were it not for the testimony of Buford Daniel. He was not impeached and the evidence indicates no motive impelling him to testify falsely against appellants—no suggestion of such a motive is hinted at in appellants' brief. Appellants lay great stress on the fact that he did not communicate to appellee for two months or more the offer of money to burn the store he says the appellants made. This, however, was but a circumstance to be considered by the jury. After all, it amounted to but little when it is considered in the light of the well-known disposition of many people to refrain from disclosing such matters to avoid being called as witnesses. This witness apparently did what many do, remain silent before the trial of the indictment and open up when they think the matter is settled. In any event, credibility of the witnesses is for the jury, as we have said many times, unless the testimony is so incredible on its face as to be un-

worthy of belief. The offer of money to burn the store by Ella, her activity in "compromising" the prosecution against Pascal, the advancement to him of the money to pay the fine, when taken in connection with the general situation, were, in our opinion, sufficient to justify a submission to the jury as to her and to sustain the verdict that she conspired with Pascal to burn the building.

It is contended also that the verdict was excessive. The only evidence as to value was furnished by appellee, who testified, without objection, that the stock of merchandise was worth between $1,500 and $2,000 and that the fixtures were worth $150 and that all of his invoices and records were burned in the fire. He was not even cross-examined on this point and appellants made no effort to contradict or dispute the valuation fixed by him except to prove that the store building, merchandise and fixtures were assessed at $500. This assessed valuation was but a circumstance to be considered by the jury and not entitled to great weight as we have many times written. Particularly, was it of little value here since it was not shown that the stock of merchandise at the time of the fire was the same as that on hand when the assessment was made. Stokes et al v. Huddleston, 227 Ky. 613, 13 S. W. (2d) 784. Clearly, in the circumstances, the verdict was not excessive.

Judgment affirmed.