# Jody v. City of London.

June 20, 1947.

Ray C. Lewis, Judge.

H. C. Clay for appellant.

William A. Hamm for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted by T. V. Jody, a citizen and resident of the City of London, to enjoin the City from creating any indebtedness under an ordinance passed in November, 1946. The petition attacks sections 8 through 13 of the ordinance and seeks to have these sections declared unconstitutional. Plaintiff also attempts to raise the question of the constitutionality of KRS 58.010 through 58.140.

A demurrer to this petition was sustained and the plaintiff having declined to plead further the petition was dismissed. The appeal is from this judgment dismissing the petition and the only question confronting us is whether or not the petition states facts sufficient to constitute a cause of action.

Attached to the petition and made a part thereof is Ordinance No. 319, which is under attack in this action. The petition was loosely drawn and it is difficult to determine on what grounds the ordinance and sections of the Kentucky Revised Statutes are attacked. There is a general attack on sections 8 through 13 of the ordinance because it is alleged that these sections conflict with the Fourteenth Amendment to the Constitution of the United States, in that they do not afford equal protection of the law. These sections of the ordinance are also attacked under sections 157 and 158 of the Kentucky

Constitution, which sections prohibit municipalities from becoming indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof. The section of the ordinance providing for the rentals to be charged for the use of the sewer is attacked on the ground that such rentals are arbitrary and unreasonable and there are a number of general allegations in the petition to the effect that the City is preparing to issue bonds and to incur an indebtedness of $139,000. There is the further allegation that this ordinance was passed pursuant to Chapter 58, Kentucky Revised Statutes, and that this chapter is unconstitutional.

The ordinance under attack is Ordinance No. 319, the title to which is as follows: ''An Ordinance providing for the abolition of surface toilets or privies, and prohibiting the deposit of excrement into the soil or running streams and requiring drainage connection with the sewer system or into septic tanks or into concrete or earth pit privies as established by the State Board of Health of Kentucky, and providing for certain penalties; and providing for rentals to be paid for the use 'of the sewer system, fixing the liability therefor and establishing the rents to be paid, and providing as to their collection.''

The substance of the sections of the ordinance which are attacked is as follows:

(8) Provides that rentals shall be paid and when they shall accrue.

(9) Provides who shall be liable for rentals.

(10) Provides for cutting off sewer connection for failure to pay rental.

(11) Sets out rental charges.

(12) Provides for registration of type of property owned within 30 days after enactment of ordinance and provides fine for failure to comply.

(13) Provides that rentals are to be used to retire principal and interest on revenue bonds to be issued to extend the present sewer, maintain it, etc.

It is readily apparent that this ordinance is merely

preliminary to an ordinance which will authorize the issuance of bonds to pay for the proposed sewer system. There is nothing in the ordinance showing that bonds are to be issued.

The petition was properly dismissed because there is nothing in the ordinance to show that any person is denied equal protection of the law; there is nothing in the ordinance to show the creation of a debt and there is, therefore, no debt to enjoin; and further there is nothing in the ordinance to show that it was passed pursuant to KRS 58, as is expressly required by that Chapter, KRS 58.020, and that Act is therefore not an issue so that its constitutionality may be passed on.

For the reasons set out above the judgment is affirmed.