## Evola Realty Co. et al. v. Scott et al.
December 2, 1947.

Eugene Hubbard, Judge.

Woodward, Dawson, Hobson & Fulton for appellants.

Finley Gibson and H. E. Rhodes for appellees.

Opinion of the Court by Judge Siler—Affirming.

John Scott and his wife, appellees, recovered judgment against two corporations, Evola Realty Company and Archer-Meder Corporation, appellants, for $1909 in' damages for fraud alleged to have been practiced upon appellees in the sale of a house and lot. The corporations bring us this appeal.

Appellants contend that the judgment is prejudicially erroneous (1) because a verdict should have been directed for them and (2) because oral evidence tending to vary a written contract was improperly admitted on the trial and (3) because an excessive verdict was rendered.

In considering appellants' first two contentions, we made a close examination of the pleadings of this action in order to determine the legal nature of the cause. This suit was not on contract. It was on alleged fraud inducing a contract. And the record seems to incorporate evidence of more than one witness substantially tending to support appellees' fraud allegation. Therefore, the first two contentions of appellants must fail under these conditions. The factual situation of this case is analogous to the similar situations set out in the cases of Adams v. Fada Realty Co., 305 Ky. 194, 202 S. W. 2d 439, and Skidmore v. Fada Realty Co., 305 Ky. 304, 203 S. W. 2d 55. And therefore, in conformity to our views expressed in the Adams and Skidmore cases, we now hold that the offered evidence relating to the fraud alleged to have been practiced upon appellees by the appellants was legally competent in its nature and was sufficient in its substance to justify a submission of this case to the jury for its verdict.

Appellants' third contention is that the verdict was excessive. Appellees sought a total recovery of $2775 and' the award was, as previously stated, for $1909 or the exact amount, according to the testimony of one Carroll V. Davis, required to rectify all the deficiencies of the house bought by appellees so as to make the

house equivalent to the particular representations said to have been made by appellants in inducing the contract of sale at its inception. Appellants offered no evidence whatever tending to show the amount necessary for these deficiencies to be less than the amount established by Davis. Therefore, the jury was justified in awarding the very damages established without contradiction by appellees. Booher v. Flowers, 292 Ky. 347, 166 S. W. 2d 435. The measure of damages, as set out by the court's instruction pertaining thereto, was the amount which the jury might believe would fairly and reasonably compensate appellees for the cost required to make the house substantially conform to the precise representations as they, according to appellees, were made by these appellants. We believe *cost of conformation correctly* constitutes the measure of damages in a case of this particular character. See Dinwiddie v. Stone, 52 S. W. 814, 21 Ky. Law Rep. 584. And since the trial court applied this cost of conformation principle in its instruction, no error was committed in this respect.

Wherefore, having found no error within or preceding this judgment, the same is now hereby affirmed.