**SANDERS, Inc., Appellant,**

v.

**CHESMOTEL LODGE, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1957.

Robert M. Coleman, Coleman, Harlin & Orendorf, Bowling Green, for appellant.

Selden Y. Trimble, IV, Stephen P. White, Jr., W. E. Rogers, Jr., Hopkinsville, for appellees.

MONTGOMERY, Judge.

This action sought recovery of damages arising from the sale of air conditioners. Appellee, Chesmotel Lodge, Inc., sued Harlan Thomas, d/b/a Thomas Refrigeration Service, Sanders, Inc., and York Corporation, retailer, wholesaler, and manufacturer, respectively, of York air conditioners. The case was tried by the judge without a jury. Judgment was rendered in favor of appellee against Sanders, Inc., for the sum of $2,-569.12, from which this appeal has been prosecuted. The action was dismissed as to the other defendants.

The controlling question on the trial was whether Frank Sanders, President of Sanders Inc., misrepresented the capacity of the air conditioners sold to appellee.

Chesmotel Lodge, Inc., operated a motel in which York air conditioners had been used. Frank Sanders, President of Sanders, Inc., discussed the proposed purchase of sixteen air conditioners with the motel owners. Thomas, the local dealer, at the request of Sanders, was present during the latter part of the discussion preliminary to the purchase.

The testimony for the appellee from Henry S. Chestnut and his wife was to the effect that Sanders represented to them that a certain new model air conditioner had the same capacity as the old units then being used by appellee. The testimony of Harlan Thomas corroborates that of the Chestnuts with reference to a long distance call made by Sanders to secure further information concerning the price and capacity of the units. The evidence for the appellant was in conflict with the Chestnuts' proof. The trial court found that Sanders represented the new units would be of the same capacity as the old units. No issue was raised concerning the lack of capacity of the new units.

The trial court's finding was sustained by the evidence of the Chestnuts, as corroborated by Thomas, which was substantial in nature. The evidence in favor of

appellant was in conflict therewith, but we cannot disturb the trial court's finding in such case. CR 52.01.

■ The representation made by appellant as to the capacity of the air conditioners was material and false. It was made recklessly, without the knowledge of its truth, and as a positive assertion, with the intention that appellee should act upon the representation, which appellee did, to its injury. McGuffin v. Smith, 215 Ky. 606, 286 S.W. 884; Miles v. Proffitt, Ky., 266 S.W.2d 333. In such cases, the injured party has a cause of action based upon the false representation, and since it precedes the formation of a contract, it is not merged into the contract or warranty, as contended by appellant. City of Elizabethtown v. Caswell, Ky., 261 S.W.2d 424; Dunn v. Tate, Ky., 268 S.W.2d 925; Bryant v. Troutman, Ky., 287 S.W.2d 918. See also Huddleston v. Lee, Tenn., 284 S.W.2d 705. Such was the basis for appellee's action.

In arriving at the damages allowed, the trial court heard proof on the resale value of the air conditioners. It determined that each unit had a resale value of $75. Recovery by appellee was allowed for the purchase price paid for the units, reduced by the amount of the total resale value.

■ The fundamental rule in assessing damages for fraud is that the victim of fraud is entitled to compensation for every wrong which was the natural and proximate result of the fraud. 24 Am.Jur., Fraud and Deceit, Section 226, page 54. In Restatement of the Law of Torts, Volume 3, Section 549, page 108, the rule is stated as follows:

"The measure of damages which the recipient of a fraudulent misrepresentation is entitled to recover from its maker as damages * * * is the pecuniary loss which results from the falsity of the matter misrepresented, including

"(a) the difference between the value of the thing bought, sold or exchanged and its purchase price or the value of the thing exchanged for it, and

"(b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the truth of the representation."

See also Evola Realty Co. v. Scott, 306 Ky. 119, 206 S.W.2d 466.

While the opinion of the trial court makes reference to implied warranty, the reasoning and findings of fact indicate that the result reached was in accord with this opinion. No merit is found in the arguments based upon privity of contract, written contract, or implied warranty for the reason stated herein. The trial court order of dismissal as to Thomas and York Corporation was correct.

Judgment affirmed.