Nick MIKKELSEN, Appellant,

v.

Clifford W. FISCHER et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1961.

Howell W. Vincent, Joseph C. Healy, Covington, for appellant.

Sawyer A. Smith, Covington, for appellees.

STANLEY, Commissioner.

The appellant, Nick Mikkelsen, had erected a dwelling house on Spruce Street in Florence and advertised it for sale. It was one of several built by him in a subdivision. The appellees, Clifford W. Fischer and his wife, Ona Mae Fischer, purchased the property for $20,500. The only writing evidencing the contract is a penciled, terse statement dated March 12, 1958, signed by Mikkelsen and accepted by Clifford W. Fischer. It simply states that Mikkelsen had agreed to sell the property for $20,500; that he would make certain minor changes, and "I will guarantee a dry basement." The writing recites $500 had been paid and when the balance should be paid. A deed to the property was delivered on April 18, 1958, which recited the payment of the consideration except $3,000, for which a vendor's lien was retained. The Fischers took possession May 10th.

This action was instituted by Mikkelsen to recover the $3,000 and the enforcement of the lien. Following an unqualified traverse of the allegations of the complaint, the defendants entered a counterclaim in which they admitted owing $3,000, and stated, in substance and effect, that it had not been paid because of the plaintiff's refusal to comply with his agreement. The defendants charged that the plaintiff had represented and guaranteed that the building had

a dry basement. They averred their reliance upon the representations, which, they alleged, were false. They specifically charged that the surface water ran into the basement and the drainage was improperly constructed and that the plaintiff had refused to remedy the condition. They claimed damage of $2,911 on this account. The defendants further alleged that the driveway was not wholly on the lot and could not be used by them, for which they claimed damage of $825. As a second cause of action the defendants asserted damages of $975.50 for certain items of furniture and other personal property which had been used or stored in the basement and injured by water.

The reply contained a plea of estoppel upon the ground that the defendants had accepted and occupied the building after having made reasonable inspection thereof.

The case was submitted to the jury under instructions (1) to find for the plaintiff $3,000 if the jury believed that the defendants had agreed to pay $20,500 for the property and had paid $17,500; (2) to find for the defendants if the jury believed the plaintiff had guaranteed and represented that the basement was a dry basement and the defendants had relied thereon, and the jury further believed the representations were false. Instruction No. 3 defined the measure of damages if the jury should find for the defendants, as hereinafter related.

The verdict was in favor of the defendants on their counterclaim "under instruction No. 2 for the sum of $3,039 for necessary repairs to make a dry basement, and $400 awarded to the defendants for such household goods." The judgment was for $39 on the first item, being the difference between the unpaid balance of the purchase price and the amount found by the jury to be the necessary cost of remedying the defect, and, further, the sum of $400 for damages for the household goods.

Several grounds for reversal are extensively argued.

■ One contention is that the court erred in overruling plaintiff's motion for a peremptory instruction to return a verdict for the $3,000 due on the purchase price upon the ground that the claim was equitable and should not have been submitted to the jury. We think it is a sufficient answer to say that the court merely reserved judgment, and when a verdict of damages in excess of that sum was returned, the court credited the award with the amount owing on the purchase price. This was a fair and reasonable way of handling the matter.

■ The contention that the court should have given a directed verdict for the plaintiff on the ground that the defendants were estopped to question any material defect in the building because they had inspected it and taken possession of the property is without merit. The plaintiff graded the lot after defendants moved in the house. If it should be conceded for the purpose of argument that estoppel lies in some cases of the character which the appellant implies this to be, it would be an issue of fact or a ruling based upon a finding of fact by the jury, and the plaintiff asked no instruction on that point. He thereby waived it.

■ It is claimed that instruction No. 2 was erroneous because the lot in controversy was lower than the adjoining lot, and perhaps the street, and was therefore subject to the servitude of the natural flow of surface water and because the evidence disclosed that water flowed into the basement from the outside during extraordinary rainfalls in June and July, 1958, for which there is no responsibility. The case is foreign to cases involving servitude. There is no evidence of extraordinary rainfall. There was plenty of evidence of the breach of the representation and warranty by the plaintiff that the building had a dry basement. It was often flooded by water flowing down the driveway because of faulty drainage of the lot, and also from seepage through the floor and walls. We state this evidence although the appellant's contention could

well be denied on the ground that he offered no instruction on either point now claimed to have been in issue.

■ Complaint is made that instruction No. 3 was erroneous because of the absence of evidence of a difference in market value of the house and lot as represented and as it actually was. The plaintiff, now appellant, objected to questions of witnesses seeking to establish market values because they were not qualified to testify. Be that as it may, there was undisputed evidence of the cost of repairing the property and placing it in the condition represented and warranted.

The instruction defined the measure of damage for misrepresentation and breach of guarantee to be the difference between the fair market value of the property at the time it was sold to the defendants and its fair market value "when reasonably constructed and repaired so as to make the basement under the house a dry basement, not to exceed $3,039," which was the sum the defendant proved it would cost to remedy the condition. The plaintiff's only objection to the instructions was to the third instruction "as to the difference between the fair market value of the house and lot on the ground there had been no evidence as to fair market value." It has been generally said that in an action for damages against a vendor for fraudulent representation that the basement of the property was dry, the measure of damages is the difference, if any, between the value of the house with the basement as represented and its value with the basement it in fact had. Bunch v. Bertram, 219 Ky. 848, 294 S.W. 805. See § 739a, Stanley's Instructions to Juries. If the given instruction be regarded as unauthorized because of the absence of evidence of market values, the technical defect was cured by the explicit submission of the proper, specific criterion, namely, the cost of repairing it and making the basement dry. The action is for breach of an express guarantee or warranty of the condition of the premises and the refusal of the contracting party to remedy a defect which was capable of being remedied. As stated in Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S.W.2d 749, "It is settled by the authorities that an injury to a structure capable of reasonable repair is fully compensated by a sum sufficient to make the repairs. Illinois Central R. Co. v. Nuckols, 212 Ky. 564, 279 S.W. 964; Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 284 S.W. 405, 47 A.L.R. 483; Ky. T. & T. Co. v. Bain, 161 Ky. 44, 170 S.W. 499." Later recent cases to the same effect are Evola Realty Co. v. Scott, 306 Ky. 119, 206 S.W.2d 466; Pedigo v. Bybee, Ky., 253 S.W.2d 21; Union Light, Heat & Power Company v. Frisch, Ky., 311 S.W.2d 395. We think the appellant confuses the case with those where there was a destruction of property or damage beyond repair. See Hunt-Forbes Construction Co. v. Martt, 247 Ky. 376, 57 S.W.2d 37.

■ The measure of damages for injury or destruction of the personal property was stated to be the fair market value thereof. The defendants testified to the cost and time of purchase of some of the larger items, most of which had been recently acquired and were being used in the basement in a recreation room. They testified the cost was the fair value and the articles were made worthless by the water in the basement. The defendant did not object to this part of the instruction, and may not now be heard to complain.

The judgment is affirmed.