**BOARD OF EDUCATION OF LOUISVILLE, Kentucky, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, et al., Appellees.**

Court of Appeals of Kentucky.

April 25, 1975.

Henry A. Triplett, Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

Jack M. Lowery, Jr., Louisville, Robert A. Becht, Dept. of Highways, Frankfort, for appellees.

CULLEN, Commissioner.

For the purposes of right-of-way for an expressway and an entrance ramp, the Department of Highways condemned the ma-

jor portion of the playground area of an elementary school operated by the Louisville Board of Education. Upon the trial of the condemnation proceeding in the circuit court the jury fixed the damages at $238,418, and judgment was entered awarding the board of education that amount. The board has appealed from the judgment, maintaining that the damages are grossly inadequate and that there were procedural errors on the trial.

The board of education took the position throughout the trial, and still argues, that by reason of the taking of substantially all of the playground area, and the high level of noise that will result from traffic on the expressway and the ramp in close proximity to the school, the usability of the property for school purposes has been completely destroyed; therefore, the measure of damages is the cost of acquiring a new site and constructing a new building, less any salvage value of the present school property. The damages on that theory, according to the board's evidence, would be close to one million dollars.

The contention of the Department of Highways was and is that the existing school can be restored to its former condition of usefulness, or to even a better condition, by the acquisition by the board, through purchase or condemnation, of private land adjoining the school, for a new playground, and by sound-proofing and air-conditioning the present school building to eliminate the noise problem. The department offered evidence that this all could be accomplished at a cost of $238,418 (the figure which the jury accepted).

The trial judge submitted the case to the jury under instructions that if the jury believed that the existing school could be restored to the same or reasonably equal utility for school purposes through the acquisition of other land to replace the land taken and through the sound-proofing and air-conditioning of the building, the jury should award the cost of such restoration; but if the jury believed the existing school could not be so restored to usefulness, the jury should award the cost of acquiring a new site and constructing a new building, less depreciation and less salvage. As hereinbefore indicated, the jury found that the existing property could be restored, and awarded damages on that basis.

■ The board of education argues that under the "substitute facilities" rule generally used in cases of condemnation of properties, such as schools and churches, which do not have a regular market value, there is no authority for use of a "cost of cure" measure of damages which would permit restoration instead of replacement. The board relies primarily on Commonwealth, Department of Highways v. City of Winchester, Ky., 431 S.W.2d 707, and State v. Waco Independent School District, Tex.Civ.App., 364 S.W.2d 263. We do not interpret either of those cases as precluding the use of cost of restoration, where restoration is feasible, rather than cost of complete replacement.

We observe that in *Waco*, while the instructions authorized recovery of the cost of *replacement* of so much of the land and facilities as was *taken*, the instructions further authorized recovery of the cost of *restoration* to the same or reasonably equal utility of the *remaining* portion of the school property.

Likewise, in *Winchester*, the instructions (which this court approved) directed the jury to award the cost "to reasonably restore * * * the remaining * * * land and facilities to the same or equal utility for elementary school purposes." As a matter of fact, the award which was approved in *Winchester* was not for replacement of the whole existing school, but only for the cost of providing, at a new site, additional classrooms which the reduced size of the existing school plot would not permit being added to the existing school building.

From the standpoint of simple reasonableness, surely the law would not be that

the board of education should be awarded one million dollars for a new school if the existing one can in fact be restored to equal or better utility for only $238,000.

The cost of restoration or repair, where feasible, always has been the measure of damages in *tort* cases for damage to structures on realty. See Kentucky Stone Co. v. Gaddie, Ky., 396 S.W.2d 337; Business Realty, Inc. v. Noah's Dove Lodge No. 20, Ky., 375 S.W.2d 389; Mikkelsen v. Fischer, Ky., 347 S.W.2d 525. That rule, based on common sense, is equally applicable, we think, to the instant case.

 The board of education argues that even if the cost of restoration be a proper measure of damages, the evidence in the instant case did not warrant the finding that the school property could in fact be restored to its former condition of utility. This argument is addressed mainly to the evidence as to the effectiveness of sound-proofing and air-conditioning to eliminate the noise problem. It is our opinion that the evidence was sufficient to warrant the finding.

The board contends that the evidence of the Department of Highways as to the estimated cost of acquiring, through purchase or condemnation, adjoining private land for a new playground, was pure conjecture and not acceptable as a basis for a determination of cost of restoration. In our opinion that evidence was no more conjectural than any evidence in a condemnation case as to market value of land, and certainly no more conjectural than the evidence of the board in the instant case as to the estimated cost of a new school site.

We find no merit in the contentions of the board of education as to claimed procedural errors. In view of the board's evidence as to the ineffectiveness of sound-proofing at Male High School we think the subsequent evidence by the department, on the subject of sound-proofing, was proper as rebuttal. We see no likeli-

hood of prejudice having resulted from the questions asked the prospective jurors as to how they would rate the city school system, or from the introduction of the aerial photographs.

The judgment is affirmed.

All concur.